IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

JAMES PRESTON SMITH,

        Plaintiff,

v.	CIVIL ACTION NO.  5:06-cv-00479

CHARLES HAYDEN, et al.,

        Defendants.

JAMES PRESTON SMITH,

        Petitioner,

v.	CIVIL ACTION NO.  5:06-cv-00480

THE UNITED STATES, et al.,

        Respondents.

JAMES PRESTON SMITH,

        Petitioner,

v.	CIVIL ACTION NO.  5:06-cv-00481

THE UNITED STATES, et al.,

        Respondents.

**JUDGMENT ORDER**

      James Preston Smith, *pro se*, ("petitioner") brings these civil actions for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  On June 19, 2006, this Court referred petitioner's habeas applications to Magistrate Judge Stanley for proposed findings of fact and a recommendation

("PF&R"). On September 5, 2006, Magistrate Judge Stanley issued a joint PF&R addressing all three of petitioner's habeas applications as well petitioner's Bivens action [Docket No. 05:06-cv-00645] because each matter involved common facts and legal claims as well as similar requests for relief. This Order addresses the joint PF&R only as it relates petitioner's pending habeas applications. Petitioner's Bivens action will be addressed separately.

Magistrate Judge Stanley recommends the dismissal of petitioner's habeas applications with prejudice because this Court lacks subject matter jurisdiction to grant petitioner habeas relief. Specifically, each of petitioner's habeas applications seeks to challenge his conviction and the validity of his sentence. Thus, although petitioner filed each of these petitions under 28 U.S.C. § 2241, he is essentially requesting collateral review of his sentence under 28 U.S.C. § 2255, and therefore Magistrate Judge Stanley recommends that this Court evaluate petitioner's applications under 28 U.S.C. § 2255. See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). The Court **ADOPTS** Magistrate Judge Stanley's recommendation, and **FINDS** that each of petitioner's habeas applications, filed in 5:06-cv-00479, 5:06-cv-00480 and 5:06-cv-00481, amount to a request for collateral review of petitioner's conviction and sentence under 28 U.S.C. § 2255.

Magistrate Judge Stanley further recommends that this Court find that it lacks subject matter jurisdiction to consider petitioner's applications because the petitions constitute successive habeas applications under 28 U.S.C. § 2244(b)(3). See Smith v. United States, 5:04-cv-01262. Section 2244(b)(3) states "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." There is no evidence in the record to suggest that petitioner has moved for the appropriate authorization. In addition, Magistrate Judge Stanley recommends dismissal of petitioner's successive habeas petitions as untimely.

This Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a *de novo* review when a petitioner "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

Petitioner filed objections to the Magistrate Judge Stanley's joint PF&R on October 10, 2006 that applied to Docket Nos. 5:06-cv-00479, 5:06-cv-00480, 5:06-cv-00481 and 5:06-cv-00645. However, the petitioner did not assert that any specific error was contained in Magistrate Judge Stanley's PF&R. Under Orpiano, this Court is not required to consider objections that do not address the magistrate's proposed findings and recommendations. 687 F.2d at 47. Specifically, petitioner's objections rehash the very same arguments raised in his habeas petitions without addressing the grounds upon which Magistrate Judge Stanley bases her recommendations for dismissal. In addition, petitioner's objections do not allege that he complied with the § 2244(b)(3) authorization requirement.

Thus, the Court **ADOPTS** Magistrate Judge Stanley's recommendation insofar as she recommends the dismissal of petitioner's habeas applications for lack of subject matter jurisdiction under 28 U.S.C. § 2244(b)(3) as that joint PF&R applies to Docket Nos. 5:06-cv-00479, 5:06-cv-00480, 5:06-cv-00481. The Court does not find, however, that petitioner's successive habeas applications are necessarily untimely. For example, if a petitioner filed a successive § 2255 habeas application on the basis of newly discovered factual evidence pursuant to § 2244(b)(2)(B)(i)-(ii),

and received the required authorization under § 2244(b)(3), his petition would not be time-barred by the one-year limitations period set forth in § 2255.

Accordingly, the Court hereby (1) **DISMISSES** petitioner's habeas corpus petitions; and (2) **DIRECTS** the Clerk to remove civil action numbers 5:06-cv-00479, 5:06-cv-00480 and 5:06-cv-00481 from the Court's active docket. The Clerk is further directed to provide a copy of this Order to all counsel of record, the petitioner, *pro se*, and Magistrate Judge Stanley.

ENTER: March 28, 2007

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE